**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:06-CR-095-12** |
| | § | |
| **COREY BENJAMIN YOUNGBLOOD** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 19, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Corey Benjamin Youngblood. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally plead guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. On December 11, 2007, U.S. District Leonard Davis sentenced Defendant to 12 months and 1 day imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to any requested financial information, for purposes of monitoring lawful employment; and participation in a program of testing and treatment for drug abuse. On April 1, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state, or local crime; from illegally possessing a controlled substance; from unlawful use of a controlled substance; from failing to report to the probation officer as directed

by the Court or probation officer; from failing to answer truthfully all inquiries by the probation officer; from failing to notify the probation officer ten days prior to any change of residence or employment; from excessively using alcohol. In its petition, the government alleges that Defendant violated his conditions of supervised release by being arrested on June 26, 2009, for Public Intoxication and Open Container-Possession of Alcoholic Beverage in a Motor Vehicle and pleading no contest to the charges on December 14, 2009; by testing positive for cocaine on July 10, 2009; by testing positive for methamphetamine on February 16, 2010; by failing to submit a written monthly supervision report for the months of January, February, and March 2010; by failing to report to the U.S. Probation Office on March 15, 2010; by not answering truthfully to all inquiries by the probation officer on July 10, 2009, and February 15, 2010, when confronted about said drug use; by failing to notify the probation officer ten days prior to any change of residence or employment; and, by using alcohol excessively on June 26, 2009, when arrested for Public Intoxication and Open Container-Possession of Alcohol Beverage in a Motor Vehicle.

If the Court finds by a preponderance of the evidence that Defendant violated a condition of supervision by illegally possessing cocaine, a statutory sentence of no more than 3 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing cocaine in violation of Texas Health and Safety Code § 481.115 would constitute a Grade B violation for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated a condition of

supervision by illegally possessing methamphetamine, a statutory sentence of no more than 3 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing cocaine in violation of Texas Health and Safety Code § 481.115 would constitute a Grade B violation for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated a condition of supervision by being arrested on June 26, 2009, for Public Intoxication and Open Container-Possession of Alcoholic Beverage in a Motor Vehicle and pleading no contest to the charges on December 14, 2009; by failing to submit a written monthly supervision report for the months of January, February, and March 2010; by failing to report to the U.S. Probation Office on March 15, 2010; by not answering truthfully to all inquiries by the probation officer on July 10, 2009, and February 15, 2010, when confronted about said drug use; by failing to notify the probation officer ten days prior to any change of residence or employment; and, by using alcohol excessively on June 26, 2009, when arrested for Public Intoxication and Open Container-Possession of Alcohol Beverage in a Motor Vehicle, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, these violations would constitute Grade C violations for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by being arrested on June 26, 2009, for Public Intoxication and Open Container-Possession of Alcoholic Beverage in a Motor Vehicle and pleading no contest to the charges on December 14, 2009; by testing positive for cocaine on July 10, 2009; by testing positive for methamphetamine on February 16, 2010; by failing to submit a written monthly supervision report for the months of January, February, and March 2010; by failing to report to the U.S. Probation Office on March 15, 2010; by not answering truthfully to all inquiries by the probation officer on July 10, 2009, and February 15, 2010, when confronted about said drug use; by failing to notify the probation officer ten days prior to any change of residence or employment; and, by using alcohol excessively on June 26, 2009, when arrested for Public Intoxication and Open Container-Possession of Alcohol Beverage in a Motor Vehicle. In exchange, the government agreed to recommend that Defendant be imprisoned for 7 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Corey Benjamin Youngblood, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 7 months with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Texarkana, Texas, or at the Federal Correctional Institution in Seagoville, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this

matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of April, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE